UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: _____

MICHAEL FALCONE, on his own
behalf and others similarly situated,

      Plaintiff,

      v.

IL BELLAGIO, INC., a Florida
Corporation

      Defendant.
_____/

## COMPLAINT FOR DAMAGES

Plaintiff, MICHAEL FALCONE ("Plaintiff"), brings this action on behalf of himself and other current and former similarly situated employees against Defendant, IL BELLAGIO, INC., ("Defendant") to recover overtime compensation, liquidated damages, and costs and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA"). In support thereof, Plaintiff states as follows:

## PARTIES

1. Plaintiff was an employee of Defendant from approximately December 2013 to June 2014. Plaintiff performed his duties as a non-exempt, hourly paid restaurant server in West Palm Beach, Palm Beach County, Florida, which is within the jurisdiction of this Court.

2. Defendant is a Florida limited liability company with a principal place of business in West Palm, Palm Beach County, Florida, which is with the jurisdiction of this Court.

3. Defendant, directly or indirectly acted in the interest of an employer toward Plaintiff and other similarly situated employees at all material times, including without

limitation, directly or indirectly controlling the terms of employment and compensation of Plaintiff and other similarly situated.

4. At all times pertinent to this Complaint, Defendant, regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203 (r) and 203 (s).

5. At all times material to this Complaint, Defendant had two (2) or more employees who regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce.

6. Based upon information and belief, the annual gross sales volume of the Defendant was in excess of $500,000.00 per annum at all times material hereto.

7. At all times pertinent to this Complaint, Defendant was an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the Act.

8. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1337 and by 29 U.S.C. § 216(b).

9. Venue is proper pursuant to 28 U.S.C. §1391. The Court has jurisdiction over the Defendant, and in regard to Plaintiff and any other plaintiffs joining this lawsuit in that the acts from which this lawsuit arise occurred in the Southern District of Florida, and, in particular, in West Palm Beach, Florida.

10. Plaintiff and other similarly situated non-exempt, hourly-paid tipped employees regularly worked overtime hours. Defendant, however, failed to compensate Plaintiff and similarly situated employees at time and one-half their regular rates of pay for the overtime hours they worked.

11. Instead, Defendant compensated Plaintiff and similarly situated employees at their regular rates of pay, or "straight time," for the overtime hours they worked in one or more work weeks.

12. The additional persons who may become Plaintiffs in this action are Defendant's non-exempt, hourly paid tipped employees, however titled, who Defendant paid at "straight time" for the overtime hours they worked during or after May 2012.

13. At all times pertinent to this Complaint, Defendant failed to comply with 29 U.S.C. § 201-209 by compensating Plaintiff and similarly situated employees at straight time for the hours they worked in excess of forty (40) in one or more work weeks.

14. The records, if any, concerning the number of hours actually worked, and the compensation actually paid to Plaintiff and similarly situated employees are in the possession and custody of Defendant.

15. Plaintiff and similarly situated employees are entitled to time and one half of their regular rates of pay for each hour (or part thereof) worked over 40 in a work week, along with an equal amount of liquidated damages.

16. Plaintiff has retained Anidjar Auerbach Law to represent him in this action. Pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover all reasonable attorney's fees and costs incurred in this action.

17. Plaintiff demands a jury trial.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

18. Plaintiff readopts and realleges the allegations contained in paragraph 1 through 17 above.

19. Plaintiff and all other similarly situated employees are entitled to be paid time and one-half of their regular rate of pay for each hour worked in excess of forty (40) hours per work week.

20. By reason of the said intentional, willful and unlawful acts of Defendant, Plaintiff and all the other similarly situated employees have suffered damages, plus incurred costs and reasonable attorney's fees.

21. As a result of the Defendant's willful violation of the Act, Plaintiff and the other similarly situated employees are entitled to liquidated damages.

**WHEREFORE,** Plaintiff, MICHAEL FALCONE, and other similarly situated employees, demand judgment against Defendant, IL BELLAGIO, INC., for the payment of all overtime hours at one and one-half time their regular rate of pay, liquidated damages and reasonable attorney's fees and costs of suit, and such further relief that this Court deems just and proper, including trial by jury.

Dated: May 11th, 2015

Respectfully submitted,

**ANIDJAR AUERBACH LAW**

/s/ Jacob K. Auerbach
JACOB K. AUERBACH
Fla. Bar No. 84003
5521 N. University Drive – Suite 204
Coral Springs, FL 33067
T: 954.906.8228
F: 844.270.6948
E: Jacob@aalawllc.com